# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE DIXON, | : | Civil No. 1:17-CV-01716 |
| Plaintiff, | : | |
| v. | : | Judge Jennifer P. Wilson |
| UNITED STATES OF AMERICA, *et al.* | : | |
| Defendants. | : | Magistrate Judge William I. Arbuckle |

**MEMORANDUM**

Before the court is a motion to dismiss and/or for summary judgment filed by the Defendants, a report and recommendation from United States Magistrate Judge William I. Arbuckle that addresses the motion, objections to the report and recommendation filed by Plaintiff Jermaine Dixon ("Dixon"), and a motion for leave to file an amended complaint filed by Dixon. (*See* Docs. 36, 58, 62–63.) For the reasons that follow, Judge Arbuckle's report and recommendation is adopted in part, modified in part, and rejected in part; the Defendants' motion to dismiss and/or for summary judgment is granted in part and denied in part; and Dixon's motion for leave to file an amended complaint is denied as moot.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

1

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

### THE COURT WILL TREAT THE MOTION AS A MOTION TO DISMISS

The motion that is currently before the court is styled as a motion to dismiss and/or, in the alternative, for summary judgment. (*See* Doc. 36.) The decision of whether a motion to dismiss should be converted into a motion for summary judgment is left to the sound discretion of the district court. *Kulwicki v. Dawson*,

969 F.2d 1454, 1463 n.11 (3d Cir. 1992). Before a court converts a motion, however, it must provide the parties notice of its intent to do so. *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989). Although a party ordinarily has sufficient notice when a motion is framed alternatively as either a motion to dismiss or a motion for summary judgment, *Hilfirty v. Shipman*, 91 F.3d 573, 578–79 (3d Cir. 1996), *overruled on other grounds*, *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000), the court nevertheless finds that Dixon did not have sufficient notice because the report and recommendation treated the motion as a motion to dismiss. (*See* Doc. 58 at 12, 16–17, 19.)

Furthermore, the court finds that conversion is inappropriate given the apparent lack of discovery that has taken place. Discovery is vital to the disposition of a motion for summary judgment because "the summary judgment process presupposes the existence of an adequate record." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007). In this case, the court has not yet issued a case management order to govern the discovery process, and it is unclear what discovery has occurred. In addition, Defendants have not yet controverted the factual allegations made in Dixon's complaint through the filing of an answer. For those reasons, the court will treat the motion as a motion to dismiss.

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

In determining whether to dismiss a complaint brought by an unrepresented litigant, a district court must interpret the complaint liberally. *Sause v. Bauer*, __ U.S. __, 138 S. Ct. 2561, 2563 (2018). The complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless,

unrepresented litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## PROCEDURAL HISTORY

Dixon initiated this case by filing a complaint on September 21, 2017. (Doc. 1.) The complaint named as defendants the United States of America and various individuals who were employed at the Federal Correctional Institution in Minersville, Pennsylvania ("FCI Schuylkill"). (*Id.*) Dixon amended his complaint on May 17, 2018. (Doc. 16.) The amended complaint is based on allegedly inadequate medical care Dixon received at FCI Schuylkill before and after undergoing surgery on his leg in 2014. (*Id.*) The amended complaint raises a *Bivens* claim for deliberate indifference to a serious medical need under the Eighth Amendment and a state tort claim under the Federal Tort Claims Act ("FTCA"). (*Id.*)

On September 24, 2018, Defendants filed a motion to dismiss and/or for summary judgment. (Doc. 36.) Defendants' brief in support of the motion raises four arguments for dismissal. First, Defendants argue that Dixon's amended complaint should be dismissed because Dixon failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Doc. 41 at 20–22.) Second, Defendants argue that all claims against Defendants Purdue, McKinney,

5

and Simonson, should be dismissed because the amended complaint does not allege that they were personally involved in Dixon's medical care. (*Id.* at 22–29.) Third, Defendants argue that Dixon's Eighth Amendment claim should be dismissed for failure to state a claim upon which relief may be granted. (*Id.* at 29–36.) Finally, Defendants argue that Dixon's FTCA claim should be dismissed because he failed to file a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. (Doc. 41 at 36–38.)

Dixon filed a brief in opposition to the motion on October 5, 2018, followed by another brief on November 7, 2018. (Docs. 43, 47.) Defendants filed a reply brief on December 3, 2018. (Doc. 50.) On December 18, 2018, Judge Arbuckle granted Dixon's request for leave to file a sur reply, and the Clerk of Court docketed Dixon's proposed sur reply brief on the same date. (Docs. 52–53.) Judge Arbuckle addressed the motion in a report and recommendation on November 5, 2019. (Doc. 58.)

### JUDGE ARBUCKLE'S REPORT AND RECOMMENDATION

In his report and recommendation, Judge Arbuckle first recommends that the court sua sponte dismiss all claims against the United States because the United States is entitled to sovereign immunity. (Doc. 58 at 12.) Judge Arbuckle then recommends that Dixon's Eighth Amendment claim be dismissed for failure to state a claim upon which relief may be granted. (*Id.* at 12–16.) Judge Arbuckle

6

notes that an Eighth Amendment claim would only be actionable if Defendants chose "not to treat Plaintiff after being notified of his needs." (*Id.* at 16.) Judge Arbuckle concludes that was not the case here and that the Eighth Amendment claims should therefore be dismissed. (*Id.*)

Turning to the claims against Defendants Perdue, McKinney, and Simonson, Judge Arbuckle recommends that Dixon's claims against those defendants be dismissed both because Dixon fails to allege their personal involvement in the alleged harms and because they are entitled to qualified immunity. (*Id.* at 16–17.) Judge Arbuckle then recommends that Dixon's FTCA claim be dismissed because Dixon has failed to file a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. (*Id.* at 19–25.) Finally, Judge Arbuckle finds that dismissal for failure to exhaust is not appropriate because there is a fact question as to whether Dixon exhausted his administrative remedies. (*Id.* at 25–31.)

Dixon filed objections to the report and recommendation on December 16, 2019, along with a motion for leave to file an amended complaint. (Docs. 62–63.) Dixon argues he has pleaded sufficient facts to state an Eighth Amendment claim upon which relief may be granted. (Doc. 62 at 2–4.) Dixon then objects to Judge Arbuckle's conclusion that a certificate of merit is required to state an FTCA claim. (Doc. 62 at 6–7.) Dixon argues that this conclusion is based on an erroneous reading of Dixon's prior arguments as advancing the position that a

7

certificate of merit is not needed. (*Id.*) Dixon asserts that he did not previously advance such a position; rather he was merely asking the court for guidance as to whether a certificate of merit would be necessary. (*Id.*) Finally, Dixon argues that evidence of record supports all of his claims. (*Id.* at 8–10.)

In his motion for leave to file an amended complaint, Dixon argues leave should be granted because it would allow him to cure many of the defects identified in the report and recommendation and facilitate the Defendants' ability to file a response to the complaint. (Doc. 63.) Defendants filed a brief in opposition to the motion for leave to file an amended complaint on December 20, 2019, arguing that leave to amend should be denied because it would be futile. (Doc. 65.) Dixon filed a reply brief on January 17, 2020. (Doc. 67.)

## DISCUSSION

### A. The United States Is entitled to Sovereign Immunity

The court will first address Judge Arbuckle's recommendation that the court sua sponte dismiss all claims against the United States because the United States is entitled to sovereign immunity. (Doc. 58 at 12.) Dixon does not object to this conclusion and acknowledges that it was error to name the United States as a defendant. (Doc. 62 at 1–2.) The court agrees with Judge Arbuckle's conclusion that the United States is entitled to sovereign immunity. *See FDIC v. Meyer*, 510

U.S. 471, 477–78, 484–86 (1994). Accordingly, the recommendation is adopted, and all claims against the United States are dismissed.

### B. Defendants' Motion to Dismiss Dixon's Deliberate Indifference Claim Is Denied

The court turns next to the recommendation that the court dismiss Dixon's deliberate indifference claim for failure to state a claim upon which relief can be granted. (Doc. 58 at 16.) For the following reasons, the court rejects the recommendation because it is based on an impermissible factual determination.

The Eighth Amendment prohibits a prison official's deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference, "an inmate must allege (1) a serious medical need; and (2) acts or omissions by prison officials which demonstrate deliberate indifference to that need." *Hollihan v. Pa. Dep't of Corr.*, 159 F. Supp. 3d 502, 511 (M.D. Pa. 2016) (citing *Estelle*, 429 U.S. at 104.)

In this case, Dixon adequately pleads a claim for deliberate indifference because he alleges that he needed to have a bullet surgically removed from his leg, that the defendants delayed providing the needed surgery, and that the defendants provided inadequate medical care following the surgery. (*See* Doc. 16 at 4–9.) The report and recommendation nevertheless recommends dismissing Dixon's deliberate indifference claim because Defendants acted within a reasonable time

9

and provided Dixon adequate medical care. (Doc. 58 at 15–16.) That recommendation is rejected because it is based on factual determinations that the court may not make at this stage of litigation—specifically, that Defendants acted within a reasonable time frame and provided Dixon adequate medical care. *See Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015) (noting that a district court deciding a motion to dismiss "may not make findings of fact and, insofar as there is a factual dispute, the court may not resolve it" (citing *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011))). Thus, because the recommendation is based on factual determinations that may not be made at this stage of litigation and Dixon has alleged adequate facts to support his claim, the recommendation is rejected and the motion to dismiss Dixon's deliberate indifference claim is denied.

### C. The Complaint Alleges Personal Involvement by Defendant Simonson, But Does Not Allege Personal Involvement by Defendants Perdue or McKinney

A defendant in a *Bivens* case "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*

Here, Judge Arbuckle recommends that all claims against Defendants Perdue, McKinney, and Simonson be dismissed because the complaint does not allege that those Defendants were personally involved in the alleged harms. (Doc. 58 at 16–17.) Although he does not specifically object to this recommendation, a liberal construction of Dixon's objections suggests that he does object to the conclusion regarding Defendant Simonson's personal involvement. (*See* Doc. 62 at 2 (arguing that the amended complaint sufficiently alleged that Simonson and other Defendants failed to provide Dixon with adequate medical care).) Dixon does not object to the recommendation regarding Defendants Perdue and McKinney.

Having conducted a de novo review of the relevant portions of the report and recommendation, the court disagrees with the report and recommendation as to Defendant Simonson's personal involvement. The court finds that the amended complaint adequately alleges Simonson's personal involvement in Dixon's claims. In the amended complaint, Dixon alleges that he went to FCI Schuylkill's medical department on September 24, 2015 and spoke with Simonson—the prison's Health Services Administrator—who told Dixon that he could not help him. (Doc. 16 at 5.) Simonson subsequently ordered an x-ray on Dixon's leg, and, while the x-ray was ongoing, commented that Dixon's leg "looked bad." (*Id.* at 6.) Dixon asked Simonson why he would not tell the other medical staff at the prison about this

11

opinion, but Simonson allegedly did not respond. (*Id.*) Dixon then spoke with Simonson again on October 13, 2015, and told him that the pain and swelling in his leg would not go away. (*Id.* at 7–8.) Simonson allegedly told Dixon that nothing else could be done about the leg because of Dixon's arthritis. (*Id.* at 8.) The court finds that such factual allegations are sufficient to allege that Simonson had actual knowledge of Dixon's inadequate medical care and acquiesced in that care. *See Rode*, 845 F.2d at 1207. Accordingly, the motion to dismiss is denied to the extent it seeks the dismissal of Dixon's claims against Simonson.

As for Defendants Perdue and McKinney, the court agrees with Judge Arbuckle that Dixon fails to allege their personal involvement in his claims. Accordingly, Dixon's claims against those defendants are dismissed. When dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, however, a district court "must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). Here, the court finds that amendment of Dixon's complaint would not be inequitable or futile as to his claims against Defendants Perdue and McKinney, and the court will accordingly modify Judge Arbuckle's report and recommendation to permit Dixon to file an amended complaint.

**D. Defendants Are Not Entitled to Qualified Immunity at this Stage**

In addition to recommending dismissal for their lack of personal involvement, Judge Arbuckle also recommends that the court sua sponte dismiss the claims against Defendants Perdue, McKinney, and Simonson because they are entitled to qualified immunity. (Doc. 58 at 17–18.) Like the recommendation regarding Dixon's deliberate indifference claim, however, this claim is based on factual determinations that may not be made at this stage of litigation. Specifically, the report and recommendation concludes that Dixon was given medical care during the relevant time period and that Dixon "has failed in his effort to establish that the prison officials were deliberately indifferent to his medical needs." (*Id.*) Such factual conclusions may not be made in deciding a motion to dismiss, *Flora*, 776 F.3d at 175, and the court accordingly rejects the finding that Defendants Perdue, McKinney, and Simonson are entitled to qualified immunity.

**E. Dixon's FTCA Claim Is Dismissed Because He Did Not File a Certificate of Merit**

A claim brought under the FTCA must be analyzed under the substantive tort law of the state "where the act or omission occurred." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). There is no dispute in this case that the Defendants' allegedly negligent acts occurred in Pennsylvania, and under Rule 1042.3 of the Pennsylvania Rules of

Civil Procedure, a plaintiff alleging professional negligence or malpractice must file a certificate of merit. Pa. R. Civ. P. 1042.3; *Schmigel v. Uchal*, 800 F.3d 113, 116 (3d Cir. 2015).

Judge Arbuckle recommends that Dixon's FTCA claim be dismissed for failure to file the certificate of merit required by Rule 1042.3. (Doc. 58 at 24–25.) In his objections to the report and recommendation, Dixon argues that Judge Arbuckle erred by reading Dixon's previous arguments as advancing the position that no certificate of merit was required, but he does not contest Judge Arbuckle's conclusion that no certificate of merit was filed. (*See* Doc. 62.) To the contrary, Dixon acknowledges in his objections that he "never certified his position pursuant to Pa. Rule 1042.3(a)(3)." (*Id.* at 8.) Accordingly, the court reviews Judge Arbuckle's conclusion only for clear error. *See Univac Dental Co.*, 702 F. Supp. 2d at 469 (noting that de novo review is not required for portions of a report and recommendation to which no objections have been raised). Having conducted such a review, the court finds no clear error and accordingly adopts Judge Arbuckle's recommendation. Dixon's FTCA claim is therefore dismissed for failure to file a certificate of merit as required by Rule 1042.3.

### F. A Question of Fact Remains as to Whether Dixon Exhausted His Administrative Remedies

Finally, Judge Arbuckle recommends that the motion to dismiss be denied to the extent it seeks dismissal for failure to exhaust because there is a fact question as to whether Dixon exhausted his administrative remedies. (Doc. 58 at 25–31.) Because neither party objects to this conclusion, the court reviews it only for clear error. *Univac Dental Co.*, 702 F. Supp. 2d at 469. Having conducted such a review, the court finds no clear error and will adopt Judge Arbuckle's recommendation.

### G. Dixon's Motion for Leave to File an Amended Complaint Is Denied as Moot

As discussed above, Defendants' motion to dismiss has been granted in part and denied in part, and Dixon has been granted leave of the court to amend those portions of his complaint for which amendment would be neither inequitable nor futile. Accordingly, Dixon's motion for leave to file an amended complaint is denied as moot, because the court is granting leave to amend as specified in this memorandum and accompanying order.

### CONCLUSION

For the foregoing reasons, Judge Arbuckle's report and recommendation is adopted in part, modified in part, and rejected in part; the Defendants' motion to dismiss and/or for summary judgment is granted in part and denied in part; and

Dixon's motion for leave to file an amended complaint is denied as moot. An appropriate order follows.

                                                                                             s/Jennifer P. Wilson
                                                                                             JENNIFER P. WILSON
                                                                                             United States District Court Judge
                                                                                             Middle District of Pennsylvania

Dated: March 23, 2020